# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MATTHEW B., by and through his parents,
    Plaintiffs

v.

PLEASANT VALLEY SCHOOL DISTRICT,
    Defendant

3:17-CV-2380
(JUDGE MARIANI)

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

This case arises out of an appeal from a Due Process Special Education Hearing. On December 22, 2017, Plaintiffs Matthew B. and his parents ("Plaintiffs") filed a Complaint ("Complaint") against Defendant Pleasant Valley School District ("Defendant" or the "District") appealing an order by the Special Education Hearing Officer (the "Hearing Officer") (Compl. at ¶ 1). Defendant filed a Motion to Dismiss for failure to state a claim upon which relief may be granted or, in the alternative, to Re-plead (Doc. 9) and a Brief in Support of the Motion on January 31, 2018 (Doc. 10). Thereafter, Plaintiffs submitted their Brief in Opposition to the Motion to Dismiss on March 6, 2018 (Doc. 15). For the reasons that follow, the Court will deny the Defendant's motion in its entirety. In doing so, however, the Court herein cautions Plaintiffs' counsel against the insertion of passages that are pure legal argument or legal conclusions in the body of this complaint as well as in any future complaints filed with this Court.

## II. FACTUAL ALLEGATIONS

Plaintiffs' Complaint alleges the following well-pleaded facts which, for the purposes of resolving the District's Motion, the Court takes as true:

Plaintiff Matthew B. is a twenty-two year-old adult with multiple disabilities (Compl. at ¶ 1). From kindergarten until age twenty-one, Matthew was enrolled as a student in the Pleasant Valley School District and received special education services because of his documented disabilities (*Id.* at ¶¶ 18-19). Matthew B. has been identified as a student with a disability under both federal and Pennsylvania state education laws. Specifically, Matthew B. was diagnosed with: Autism, Speech and Language Impairment ("SLI"), Anxiety, and an Intellectual Disability ("ID") (*Id.* ¶¶ 15-16).

On August 30, 2016, Plaintiffs filed a special education due process complaint against Defendant (*Id.* at ¶ 36). Plaintiffs alleged that Defendant denied Matthew B. a free and appropriate public education ("FAPE") and sought an award of compensatory education (*Id.* at ¶¶ 2, 11). In response, Defendant offered to pay for an Independent Educational Evaluation ("IEE") by Dr. Richard Shillabeer, which induced Plaintiffs to withdraw their complaint (*Id.* at ¶ 11). However, Plaintiffs later initiated a second complaint on April 7, 2017 against Defendant because they disagreed with Dr. Shillabeer's findings (*Id.*).

A hearing was held on September 25, 2017, before Special Education Hearing Officer Brian Ford, Esq. (the "Hearing Officer") (*Id.* at ¶¶ 2, 11).

After a five-day evidentiary hearing, the Hearing Officer found that Defendant failed to provide Matthew B. with a FAPE, but did not award compensatory education (*Id.* at ¶ 2). Instead, the Hearing Officer ordered that Matthew B. complete a transition program to remedy inadequate vocational or life skills for no longer than two years (*Id.*). When Plaintiffs sought clarification from the Hearing Officer concerning the costs associated with transportation and residential instruction, the Hearing Officer indicated that it was an error for the order to state that "[t]he Student is obligated to fund the instructional portions of such a transition program, in accordance with the above" (*Id.* at ¶ 3). But the Hearing Officer made it clear that such error did not alter his decision (*Id.*). This instant action was filed by Plaintiffs against Defendant, appealing the Hearing Officer's order, with regard to funding for the transition program and compensatory education for Matthew B. (*Id.* at ¶ 3). Plaintiffs' cause of action arises under the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. § 1400 *et seq.*, Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794 *et seq.*, and their implementing regulations, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*

### III. STANDARD OF REVIEW

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, alterations, and quotations marks omitted). "In other words, '[we] must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Santiago v. Warminster Tp.*, 629 F.3d 121, 131 (3d Cir. 2010) (quoting *Fowler v. UPMC Shadyside*, 579 F.3d 203, 210-11 (3d Cir. 2009)). Thus, "the presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'" *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.*

"Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal citation omitted) (first quoting *Twombly*, 550 U.S. at 556; then quoting *Iqbal*, 556 U.S. at 678).

"The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 786-87 (quoting *Iqbal*, 556 U.S. 679).

Rule 12(b)(6) motions invoke the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). Under Rule 8(a)(2), "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 677-78. "That is to say, there must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008). Furthermore, a pleading, pursuant to Rule 10(b), must "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Bell v. Able & Sullivan LLC*, 2016 WL 4771857, at *5 (E.D.Pa. 2016).

### IV. ANALYSIS

Defendant's Motion to Dismiss alleges that "Plaintiffs have filed their Complaint as a legal brief. . ." consisting of "entire paragraphs, some of such length that they take up most of [ ] [the] page" (Doc. 9 at 2). Defendant also argues that "Plaintiff[ ]s failure to comply with the pleading requirements of FED. R. CIV. P. 8(a)(2) and of FED. R. CIV. P. 10(b) makes it difficult for the District to comply with the requirements of FED. R. CIV. P. 8(b) that it provide short, plain and specific denials to allegations in the Complaint" (*Id.*).

In particular, Defendant asserts that paragraphs 8, 39 to 71, 83 to 85, and 87 of Plaintiffs' Complaint simply recites law in violation of Rule 8(a)(2) (*Id.*). Plaintiffs, in their opposition to

the motion to dismiss, state that Defendant failed to "cite[ ] . . . authority for its argument that a complaint may be dismissed pursuant to Rule 12(b)(6) based on a claimed failure to comply with the pleading requirements of Rule 8(a) or 10(b)" (Doc. 15 at 5).

Upon careful consideration, the Court concludes that Plaintiffs' Complaint, pursuant to Rule 12(b)(6), has alleged sufficient facts to state a claim under the IDEA, Section 504 and the ADA. Because Plaintiffs' claim is not dependent on paragraphs 8, 39 to 71, 83 to 85, and 87, the impropriety in pleading what are essentially stand-alone legal conclusions and arguments that far exceed what is necessary to state a cause of action does not require, on this occasion, dismissal of Plaintiffs' claim. Despite filing a facially plausible claim, Plaintiffs' Complaint presents assertions that constitute conclusory statements, which run afoul of *Twombly* and *Iqbal*.[1] In fact, the Court identified twenty-six paragraphs in which Plaintiffs made conclusory statements that are more properly employed in a brief in support of a motion by Plaintiff or in opposition to a motion brought by Defendant.[2] The Third Circuit in *Santiago*, 629 F.3d at 131, held that courts "may disregard any legal conclusions" in a complaint.

---

[1] Had Defendant filed a Rule 12(f) Motion to Strike conclusions of law from Plaintiffs' Complaint, the Court might well have granted it.

[2] The Court identified the following paragraphs of Plaintiffs' Complaint that contain conclusory statements: 2, 8, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 56, 57, 58, 59, 60, 61, 66, 69, 70, 71, 83, 84, and 85. Paragraph 50, for purposes of clarity, should have the first five words of the paragraph's single sentence ("Pursuant to the above authority. . .") deleted.

As such, Plaintiffs' legal conclusions are not entitled to the same deference as the well-pleaded facts in the Complaint. Thus, the Court will disregard the conclusory assertions that it identified in Plaintiffs' Complaint.

Throughout the Complaint, Plaintiffs insert unnecessary statutory language and case law citations. For instance, Plaintiffs' Complaint includes a section titled "Statutory Authority" in which Plaintiffs' counsel summarizes the important provisions of the IDEA statute and the case law that supports it (Compl. at ¶ 12). It is unacceptable by any standard of legal practice for complaints to "contain[ ] whole paragraphs of legal argument, quotations, and citations. . . ." *Moore v. McCalla Raymer, LLC*, 916 F.Supp.2d 1332, 1342 (N.D. Ga. 2013). As noted, Plaintiffs' Complaint is more akin to a legal brief or legal memorandum. Thus, the Court directs Plaintiffs' counsel to refrain in the future in any complaint brought to this Court from presenting in such pleading any legal arguments or conclusions, including citations to, or quotes from, case law, statutory recitations, or other matters which should properly be addressed in a brief or memorandum of law.

Contrary to Defendant's contentions, Plaintiffs satisfied the pleading requirements of Rules 8(a)(2) and 10(b), though in doing so, Plaintiffs improperly added legal argument and case citations. Plaintiffs met the heightened pleading standard of Rule 8(a)(2) by including a "short and plaint statement" in the Complaint that shows Plaintiffs have pleaded an entitlement to relief. *Iqbal*, 556 U.S. at 677-78. Furthermore, Plaintiffs' Complaint contains numbered paragraphs that provide "a single set of circumstances," which permits Defendant

to respond to Plaintiffs' claim. *Bell* at *5.[3] Accordingly, the Court will deny Defendant's motion to dismiss or, in the alternative, to re-plead.

## V. Conclusion

For the reasons outlined above, this Court will deny Defendant's Motion to Dismiss, or, in the alternative, to Re-plead (Doc. 9).

Robert D. Mariani
United States District Judge

---

[3] As to the paragraphs of Plaintiffs' complaint that this Court has identified in footnote 2 as entirely conclusory, no answer is required of Defendant with respect to them.